76 F.3d 379
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rose REYNOLDS, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 94-1717.
 United States Court of Appeals, Sixth Circuit.
 Jan. 23, 1996.
 
 Before: NELSON and DAUGHTREY, Circuit Judges, and JARVIS, District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from a judgment in which the district court upheld a denial of supplemental security income and disability insurance benefits. The central issue is whether the administrative agency and the district court erred as a matter of law in holding that a cashier's job once held by the claimant constituted "past relevant work" within the meaning of that term as used in the applicable regulations. Finding no legal error in this respect, and concluding that the claimant failed to sustain the burden of showing that she could not perform her past relevant work as a cashier, we shall affirm the judgment of the district court.
 
 
 2
 * The claimant, Rose Reynolds, was born in May of 1936. The record does not disclose her early employment history, but at a hearing held before an administrative law judge on August 31, 1992, Ms. Reynolds testified that she began working as a grocery store cashier in 1976 or 1977. She kept that job until November of 1978, some 90 days after she began work at a General Motors plant. Her employment at GM ended in December of 1988, and she has not worked outside the home since that time. She claims that she has been disabled since December 31, 1989, and her applications for benefits were filed in July and September of 1991.
 
 
 3
 Ms. Reynolds testified that she is about five feet three inches tall and weighs 178 pounds. Her principal medical complaints are arthritis that travels through her body and blood clots for which she had a screening device inserted in her inferior vena cava some years ago. She has high blood pressure, for which she takes medication, and she would benefit from losing some weight. She testified that she has a driver's license, takes care of two grandchildren in her home, and is generally able to do laundry, prepare meals, make beds, and clean the house.
 
 
 4
 In describing her work as a grocery store cashier, Ms. Reynolds indicated that customers would bring their groceries to her at a checkout counter where she would add up prices, accept payment, and load grocery bags. The job required her to stand, but she did not have to lift as much as 20 pounds. A vocational expert characterized the cashier's position as semi-skilled light work, involving no skills that would be transferable to sedentary work. In responding to the question about transferable skills the vocational expert made a somewhat cryptic reference to "advances in computerization," but he said nothing that could fairly be interpreted as meaning that Ms. Reynolds is no longer capable of working as a grocery store cashier.
 
 II
 
 5
 "If you still have the residual functional capacity to do your past relevant work," applicants for disability benefits are told in the pertinent regulation, "... we will determine that you are not disabled...." 20 C.F.R. § 404.1560(b). Cf. 20 C.F.R. § 404.1520(e) ("If you can still do this kind of work, we will find that you are not disabled").
 
 
 6
 In making a decision as to whether an applicant is disabled, applicants are told by the agency, "[w]e do not usually consider work that you did 15 years or more before the time we are deciding whether you are disabled...." 20 C.F.R. § 404.1565(a). This court has suggested that the language of the regulation leaves it unclear "whether the fifteen-year period runs from the date of the onset of alleged disability, the date of the application for benefits, or the date of the hearing before the ALJ...." Rose v. Secretary of HHS, No. 92-3908, 1993 WL 288296 at * 5 n. 3 (6th Cir. July 29, 1993). But in the case before us, as the district court correctly noted, the claimant's work as a cashier came within the 15-year period under any of these alternatives.
 
 
 7
 Ms. Reynolds argues that if the skills she acquired as a grocery store cashier are not transferable to sedentary jobs, given the advances in computerization over the last 15 years, "it means that she has no currently useful skills as a cashier." We do not find this argument persuasive. Advances in computerization have not made the job of grocery store cashier any more demanding than it was in the late 1970s--bar code technology would seem to have made the job easier, indeed--and the record does not support Ms. Reynolds' suggestion that her employment history has been rendered "obsolete." Her work as a cashier within the 15-year period is still "relevant," and the finding that Ms. Reynolds was not disabled has substantial evidentiary support in the record as a whole.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable James H. Jarvis, United States District Judge for the Eastern District of Tennessee, sitting by designation